```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DWIGHT COLLINS, | HONORABLE JEROME B. SIMANDLE |
|       Petitioner, | Civ. No. 98-4990 (JBS) |
| v. | [Crim. No. 96-0141 (JBS)] |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
|       Respondent. | |

**SIMANDLE**, District Judge:

This matter comes before the Court on Petitioner Dwight Collins' motion for relief from judgment and for leave to amend pleadings pursuant to 28 U.S.C. § 2255, Fed. R. Civ. P. 15(c)(2) and Fed. R. Civ. P. 60(b). The Court has considered the submissions of the Petitioner in support thereof [Docket Item No. 28] and the Government's response requesting that the Court dismiss the motion for lack of jurisdiction [Docket Item No. 30]. The Court has also reviewed and considered the Petitioner's subsequent motion for summary judgment [Docket Item No. 32] and the Government's response to this motion [Docket Item No. 33]. For the following reasons, the Petitioner's motions, construed as a single, but successive, petition for a writ of habeas corpus under § 2255, will be dismissed for lack of jurisdiction.

**The Court finds as follows:**

1. Petitioner is a federal prisoner serving a sentence of 208 months imprisonment and five years supervised release imposed by this Court on October 18, 1996. See Collins v. United States, No. 98-4990, slip op. at 2 (D.N.J. Nov. 5, 2003). The Third Circuit Court of Appeals affirmed his conviction on November 14, 1997.

2. The Petitioner filed his initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on November 8, 1998. The Court denied his petition in an opinion on July 31, 2000. See Collins v. United States, No. 98-4990, slip op. at 1 (D.N.J. July 31, 2000). On September 7, 2000, the Petitioner filed a motion for reconsideration of his § 2255 petition. The Court found the Petitioner's motion for reconsideration to be without merit and denied it in its entirety on July 27, 2001. See Collins v. United States, No. 98-4990, slip op. at 1 (D.N.J. July 27, 2001). The Petitioner sought to appeal that ruling, but the Court of Appeals denied his request for a certificate of appealability. On May 16, 2002, Petitioner again sought reconsideration of his sentence, alleging he provided substantial assistance to the Government leading to the prosecution of another inmate. That motion was denied in its entirety on Nov. 5, 2003.

3. On August 18, 2005, the Petitioner filed the present motion for relief from judgment and for leave to amend pleadings under § 2255, Fed. R. Civ. P. 15(c)(2) and Fed. R. Civ. P. 60(b). In this motion, the Petitioner claims that the Court erred during sentencing by considering facts not found by the jury as enhancing factors according to the Federal Sentencing Guidelines. (Pet.'s Br. at 4). He cites United States v. Booker, 543 U.S. 220 (2005), which overturned the mandatory nature of the Sentencing Guidelines, thus rendering the Guidelines advisory, and alleges the holding should be made retroactive to his 1996 conviction. (Id. at 4-5). He argues that his successive § 2255 motion is appropriate because it relies on a new rule of law established in Booker. (Id.)

4. Nearly 14 months later, on October 10, 2006, the Government requested permission from the Court to file a belated response. The Government said the Petitioner's motion either had not been received or had been misplaced. At the direction of the Court, the Government sought the consent of Petitioner to file its opposition out of time. The Petitioner first offered his consent to the delayed response, but later retracted it and filed an objection. [Docket Item No. 31]. Finding that the delay in opposing Petitioner's motion was entirely unintentional and in

the interest of justice, the Court will consider the Government's opposition to the Petitioner's motion.[1]

5. In the response, the Government argues the Petitioner's motion should be dismissed for lack of jurisdiction because Petitioner did not secure authorization from the Third Circuit to file a second or successive motion as required by 28 U.S.C. §§ 2244(b)(3) and 2255.

6. Although the Petitioner has asserted three grounds for vacation of his conviction and re-sentencing (§ 2255, Fed. R. Civ. P. 15(c)(2) and Fed. R. Civ. P. 60(b)), the only avenue available to him under the case's current procedural posture is a habeas application pursuant to § 2255. As Petitioner is proceeding pro se, the Court will hold the Petitioner to a less stringent standard of pleading. Haines v. Kerner, 404 U.S. 519, 520 (1972), reaff'd, Hughes v. Rowe, 449 U.S. 5, 9 (1980). The Court will therefore construe Petitioner's petition liberally, interpreting it as a motion to vacate and correct his sentence under § 2255, because relief under Rule 60(b) is unavailable for a successive § 2255 petition. See In re Wagner, 421 F.3d 275, 277 (3d Cir. 2005) ("Thus, although it was labeled as a motion under Fed. R. Civ. P. 60(b)(6), it was in substance a motion under 28

---

[1] As noted supra, on February 22, 2007, the Petitioner also filed a motion for summary judgment.

U.S.C. § 2255."); see also Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (holding that a motion for reconsideration under Fed. R. Civ. P. 60(b) was properly construed as a successive § 2255 petition). The Rule 60(b) motion may be treated as a successive § 2255 motion without giving the notice required by Wagner and United States v. Miller, 197 F.3d 644 (3d Cir. 1999), because Petitioner has previously filed a § 2255 motion which was adjudicated on the merits.

7. A Petitioner may file a second or successive habeas motion pursuant to § 2255, but that petition is subject to the strict limitations imposed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A second or successive motion may be brought only after it is certified by a panel of the appropriate court of appeals that it contains: (1) newly discovered evidence or (2) a new rule of constitutional law made retroactive by the Supreme Court to collateral review cases. 28 U.S.C. § 2255. The Petitioner does not have authorization from the Third Circuit to file his § 2255 motion.

8. Without the required authorization from the Court of Appeals, this Court lacks the subject matter jurisdiction necessary to consider Petitioner's motion. Robinson v. Johnson, 313 F.3d 128, 138 (3d Cir. 2002) (holding that "most courts that

have considered the issue treat the successiveness issue as comparable to the defense that the court lacks jurisdiction over the subject matter"). Therefore, the Court must either dismiss the motion or transfer it to the Third Circuit pursuant to 28 U.S.C. § 1631. Id. at 139 (noting that when a "second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals"). Whether to transfer or dismiss the successive petition requires exercise of discretion by the district court.

9. If Petitioner's motion were transferred to the Third Circuit, precedent would require it to be denied without prejudice. The Third Circuit has held that Booker fails to supply petitioners seeking permission to file second or successive § 2255 motions with the required evidence of "a new rule of constitutional law, made retroactive to cases on collateral review." In re Olopade, 403 F.3d 159, 162 (3d Cir. 2005) (citing 28 U.S.C. § 2255). Applying the test from Tyler v. Cain, 533 U.S 656, 663 (2001), which established that a new rule is only retroactive to cases on collateral review when the Supreme Court has issued an express decree, the Olopade court held that Booker does not apply retroactively. In re Olopade, 403 F.3d at 162

(noting that "the Supreme Court must have explicitly held, or two or more of its decisions when read together must absolutely dictate, that a particular rule is retroactively applicable to cases on collateral review... it is clear that the Supreme Court has not expressly held that <u>Booker</u> is applicable to cases on collateral review"). The request for leave to file a second or successive habeas motion was denied without prejudice in case "the Supreme Court subsequently makes <u>Booker</u> retroactive to cases on collateral review." <u>In re Olopade</u>, 403 F.3d at 164. Only if the Supreme Court makes <u>Booker</u> retroactive to cases on collateral review could Petitioner secure authorization to file his successive § 2255 motion. It has not done so, and thus this Court may not entertain petitioner's motion. The Court declines to transfer this petition to the Court of Appeals, but petitioner is free to file a successive petition motion with the Court of Appeals pursuant to § 2244(b)(3)(A) if he can demonstrate that the Supreme Court has held that <u>Booker</u> may be retroactively applied.

## **CONCLUSION**

For the foregoing reasons, Petitioner's § 2255 petition is dismissed for lack of jurisdiction to entertain the motion without authorization from the Third Circuit.

**June 7, 2007**           **s/ Jerome B. Simandle**
DATE                        JEROME B. SIMANDLE
                            U.S. District Judge